## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZAHIR BODDY-JOHNSON**<br><br>Petitioner,<br><br>v.<br><br>**ROBERT GILMORE,<br>SUPERINTENDENT, SCI-GREENE, et al.**<br><br>Respondents. | **CIVIL ACTION NO.  18-198** |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                          **June 17, 2024**

Before the Court are Petitioner Zahir Boddy-Johnson's *pro se* objections to the Report and Recommendation ("R&R") of Magistrate Judge Henry S. Perkin regarding the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. After a careful and independent review of the R&R[1] and Petitioner's objections to the R&R,[2] and for the reasons set forth below, the Court will overrule Petitioner's objections, approve and adopt the R&R, and deny the Petition. Petitioner has failed to overcome the hurdle of the deference afforded to state courts, and counsel cannot be deemed ineffective if the underlying claims lack merit, as they do here.

### I.    BACKGROUND

Because Boddy-Johnson does not object to the factual and procedural history set forth in the R&R, the Court adopts the history from the R&R, which accurately quotes the facts as found by the state court. The Court summarizes the facts and history here to provide context.

On June 12, 2009, a Philadelphia jury convicted Boddy-Johnson of attempted murder, aggravated assault, and firearms charges.[3] The charges arose from the February 17, 2008

---

[1] R&R [Doc. No. 13].

[2] Pet'r's Objs. to R&R [Doc. No. 27].

[3] R&R at 5 [Doc. No. 13]; *Commonwealth v. Boddy-Johnson*, No. 3029 EDA 2015, 2017 WL 1050407, at *3 (Pa. Super. Ct. Mar. 20, 2017).

shooting of Philadelphia Housing Authority ("PHA") Officer Craig Kelley.[4] Kelley was monitoring the entrance to a public housing residence when a lone, partially masked gunman fired at him with a rifle through the door and window of Kelley's patrol booth.[5] Boddy-Johnson later admitted to shooting Kelley because he was going to rob him, and his confession was read to the jury at trial.[6] His trial counsel did not dispute that he committed the charged acts, and instead contested only whether Boddy-Johnson intended to kill Kelley.[7] Boddy-Johnson was sentenced to an aggregate prison term of 22 1/2 to 47 years.[8] He pursued post-conviction remedies, including a direct appeal. On September 29, 2010, his conviction was affirmed by the Pennsylvania Superior Court.[9] On February 8, 2011, the Pennsylvania Supreme Court denied Boddy-Johnson's petition for discretionary review and the judgment of sentence became final.[10]

On April 17, 2012, Boddy-Johnson filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA"),[11] which was later amended by appointed counsel.[12] On September 17, 2015, the PCRA petition was dismissed without a hearing.[13] On October 6, 2015, Boddy-Johnson timely appealed, and on March 4, 2016, the PCRA court filed a responsive opinion setting forth its reasons for why the order dismissing the PCRA petition should be

---

[4] R&R at 1–2.

[5] *Id.*

[6] *Id.* at 3–5.

[7] *Id.* at 5.

[8] *Id.*

[9] *Commonwealth v. Boddy-Johnson*, No. 2910 EDA 2009, slip op. (Pa. Super. Ct. Sept. 29, 2010); Resp., Ex. B [Doc. No. 9-2].

[10] *Commonwealth v. Boddy-Johnson*, 17 A.3d 1250 (Pa. 2011) (table).

[11] 42 Pa. Cons. Stat. Ann. § 9541, *et seq.*

[12] R&R at 6 [Doc. No. 13]; *Boddy-Johnson*, 2017 WL 1050407 at *3.

[13] *Boddy-Johnson*, 2017 WL 1050407 at *3.

affirmed.[14] On March 20, 2017, the Pennsylvania Superior Court affirmed the denial of PCRA relief.[15] On September 12, 2017, the Pennsylvania Supreme Court denied discretionary review.[16]

Boddy-Johnson thereafter timely filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which raised two claims of ineffective assistance of counsel, only one of which was presented in his amended PCRA petition. Respondents filed a brief in opposition to the Petition, and Boddy-Johnson filed a Traverse in reply. Magistrate Judge Perkin then issued the R&R, to which Boddy-Johnson filed objections.

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996[17] ("AEDPA") governs habeas petitions like the one before this Court. Under the AEDPA, "a district court shall entertain an application for a writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[18] Where, as here, a habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept,

---

[14] *Commonwealth v. Boddy-Johnson*, No. CP-51-CR-0004485-2008, slip op. (C.P. Phila. Cnty. Mar. 4, 2016); Resp., Ex. C [Doc. No. 9-3].

[15] *Boddy-Johnson*, 2017 WL 1050407 at *6; Resp., Ex. D [Doc. No. 9-4].

[16] *Commonwealth v. Boddy-Johnson*, 170 A.3d 1044 (Pa. 2017) (table).

[17] 28 U.S.C. § 2254.

[18] *Id.* § 2254(a).

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19]

   In order to raise a federal habeas claim, a petitioner must first exhaust all state-law remedies.[20] Claims that are not exhausted will become procedurally defaulted, foreclosing federal review on the merits unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[21]

   When the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[22]

   A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[23] A decision is an "unreasonable application of" clearly established law if "the state court identifies the

---

[19] *Id.* § 636(b)(1); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b).

[20] 28 U.S.C. § 2254(b)(1)(A) (providing that habeas relief cannot be granted unless the petitioner "has exhausted the remedies available in the courts of the State").

[21] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[22] 28 U.S.C. § 2254(d).

[23] *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[24] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[25] Instead, the application of clearly established law must be "objectively unreasonable."[26]

## III.   DISCUSSION

Boddy-Johnson raises two grounds for habeas relief. First, Boddy-Johnson claims that his trial counsel was ineffective by rejecting a cautionary instruction proposed by the court which, Boddy-Johnson argues, would have mitigated a prejudicial reference to an unrelated crime in his prior confession.[27] Second, Boddy-Johnson contends that his trial counsel was ineffective by failing to raise that a PHA security officer is not a police officer within the statutory definitions of the Pennsylvania aggravated assault statute.[28] Because the latter argument is procedurally defaulted, and because both arguments are without merit, the R&R properly rejected them.

### A.   Counsel Was Not Ineffective for Declining a Limiting Instruction for Strategic Reasons

Ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established by the Supreme Court in *Strickland v. Washington*.[29] Under *Strickland*, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can

---

[24] *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).

[25] *Lockyer*, 538 U.S. at 75.

[26] *Id.*

[27] Pet., at 7 [Doc. No. 1]. When citing Boddy-Johnson's *pro se* Petition, the Court adopts the pagination assigned by the CM/ECF docketing system.

[28] Pet., at 5 [Doc. No. 1] (citing 18 Pa. Cons. Stat. Ann. § 2702(a)(2)).

[29] 466 U.S. 668, 687 (1984).

demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the petitioner.[30]

Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."[31] Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance the outcome of the underlying proceeding would have been different.[32] For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient and would not affect the outcome of the proceeding.[33] Similarly, an ineffective assistance of counsel claim is not established upon a showing that an error had an effect on the proceedings; rather, a petitioner must show that there is a reasonable probability that the outcome would have been different in the absence of such errors.[34] In evaluating the Pennsylvania courts' treatment of ineffectiveness claims, the Court must determine whether the state courts' "application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable [and] . . . resulted in an outcome that cannot reasonably be justified under *Strickland*."[35]

Boddy-Johnson's prior confession, which was read to the jury at trial, included a statement that he "was going to sell" Kelley's laptop and gun "and spend the money for restitution for my stolen car case."[36] Before the confession was read, Boddy-Johnson's counsel

---

[30] *Id.*

[31] *Id*. at 690.

[32] *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009).

[33] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004) (citing *Moore v. Deputy Comm'r of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)).

[34] *Strickland*, 466 U.S. at 694.

[35] *Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).

[36] R&R at 4 [Doc. No. 13] (quoting Trial Tr. June 9, 2009, at 55–58).

objected and requested a redaction of that portion of the statement.[37] After hearing arguments from counsel at sidebar, the trial court denied the redaction request upon its determination that the statement was probative and relevant to motive.[38] The next day, the trial court had the following discussion with counsel regarding a proposed limiting instruction:

> THE COURT: Counsel, basically what I am going to read is: There was evidence tending to prove that the defendant has a prior criminal matter involving car theft. That was referenced in defendant's statement to police. This evidence is not evidence of the defendant's guilt and you must not infer guilt from the evidence of a prior criminal matter. This evidence may be considered by you for one purpose only: That is, to help you judge whether or not there was potential for commission of the crime for which the defendant is currently on trial. That's basically what I am going to read.
>
> MR. PARKINSON: Your Honor, I would just ask that it not be read in general, just in terms of confusion.
>
> THE COURT: So you don't want any instruction at all?
>
> MR. PARKINSON: Your Honor, it's a situation where, once again, it's not a conviction. It's not something—
>
> THE COURT: I understand. Do you want an instruction or do you not want an instruction, or we can cut it off? . . . .
>
> MR. PARKINSON: Let me just confer with my client.
>
> THE COURT: Yes. Go ahead.
>
> MR. PARKINSON: Thank you, Your Honor. Your Honor, I ask that it not be given.
>
> THE COURT: Very well. Commonwealth, you concur? You concur? They do not wish to have this instruction.
>
> MS. NIXON: It's up to him. It's totally his decision.
>
> THE COURT: Very well.[39]

In seeking post-conviction relief, Boddy-Johnson asserted, *inter alia*, that the court erred by failing to redact the reference to his prior stolen car case. The state trial court rejected the

---

[37] Trial Tr. June 9, 2009, at 43–45.

[38] *Id.* at 45.

[39] Trial Tr. June 10, 2009, at 26–28.

argument[40] and the Superior Court affirmed on appeal.[41] Boddy-Johnson then argued in his amended PCRA petition that his trial counsel rendered ineffective assistance by failing to accept the trial court's proposed limiting instruction. The PCRA court disagreed *sub judice*, noting that (1) Boddy-Johnson conferred with his trial counsel before rejecting the proposed instruction, (2) there was a reasonable strategic basis for doing so given that "[s]uch an instruction would serve only to highlight what was otherwise minimally significant evidence," and (3) Boddy-Johnson failed to plead or prove any prejudice resulting from that strategic decision.[42] The Superior Court again affirmed, holding that Boddy-Johnson had not proven "that but for counsel's action the result of the proceedings would have been different."[43]

Assigning due weight to the state courts' prior adjudications of this argument on the merits, the R&R correctly concluded that those decisions were not contrary to, nor an unreasonable application of, clearly established law.[44] As the R&R notes, the *Strickland* framework requires a petitioner to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[45] This Court agrees that "[t]rial counsel reasonably could have viewed a limiting instruction as [an undesirable] reminder to the jury of Petitioner's previous criminal activity . . . ."[46] Moreover, this Court agrees that the state

---

[40] *Commonwealth v. Boddy-Johnson*, No. CP-51-CR-0004485-2008, slip op. at 7–8 (C.P. Phila. Cnty. Apr. 30, 2010); Resp., Ex. A [Doc. No. 9-1].

[41] *Boddy-Johnson*, No. 2910 EDA 2009, slip op. at 3–4 (Pa. Super. Ct. Sept. 29, 2010); Resp., Ex. B [Doc. No. 9-2].

[42] *Boddy-Johnson*, No. CP-51-CR-0004485-2008, slip op. at 6 (C.P. Phila. Cnty. Mar. 4, 2016); Resp., Ex. C [Doc. No. 9-3].

[43] *Boddy-Johnson*, 2017 WL 1050407 at *6.

[44] R&R at 25–26 [Doc. No. 13].

[45] *Id.* at 25 (quoting *Strickland*, 466 U.S. at 689).

[46] R&R at 25 [Doc. No. 13].

courts were not unreasonable in finding no prejudice to Boddy-Johnson from his counsel's decision, given the trial court's conclusion that the reference to the stolen car case was of minimal significance, and the fact that the "prior auto theft imputed nothing about whether Petitioner acted with the intent to kill Mr. Kelley."[47] Accordingly, Boddy-Johnson has failed to meet his burden of proving ineffective assistance of counsel with respect to his trial counsel's rejection of the limiting instruction.

### B. Counsel Was Not Ineffective for Failing to Raise a Novel Argument Regarding the Elements of Aggravated Assault

Section 2702(a)(2) of Title 18 of the Pennsylvania Code provides that "[a] person is guilty of aggravated assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) . . . while in the performance of duty[.]"[48] The list enumerated in § 2702(c) includes police officers but also 38 other categories, including probation officers, sheriffs, correctional officers, federal, state, and local law enforcement officials, and "[a]ny person employed to assist or who assists any Federal, State or local law enforcement official."[49]

Boddy-Johnson has filed objections to the R&R, arguing that the magistrate judge improperly disregarded the Pennsylvania Supreme Court's decision in *Philadelphia Housing Authority v. Pennsylvania Labor Relations Board* ("*PLRB*"),[50] and failed to account for the fact that police officers (but not PHA officers) are required to take an oath to uphold the

---

[47] *Id.* at 25–26.

[48] 18 Pa. Cons. Stat. Ann. § 2702(a)(2).

[49] *Id.* § 2702(c)(1)–(20); *see also id.* § 2702(c)(21)–(39) (listing additional categories).

[50] 499 A.2d 294 (Pa. 1985).

Constitution.[51] Because Boddy-Johnson had specifically identified the portions of the R&R to which he objects, as well as the basis for his objections, this Court conducts *de novo* review of those portions of the R&R.[52] However, even when applying a *de novo* standard of a review, a district court is "permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the court], in the exercise of sound discretion, deem[s] proper."[53]

As a threshold matter, Boddy-Johnson does not contest that he failed to exhaust this argument during the PCRA proceedings before the state courts. Accordingly, he must show cause for the default and actual prejudice, or that this Court's failure to consider the claims will result in a fundamental miscarriage of justice.[54] Boddy-Johnson contends that this argument was raised in his initial *pro se* PCRA petition, but his court-appointed counsel rendered ineffective assistance by failing to re-assert it in the amended petition.[55] Boddy-Johnson also asserts that his counsel was ineffective for failing to raise it in post-conviction motions or on direct appeal.

A prisoner does not have a Sixth Amendment right to counsel in state post-conviction proceedings.[56] The default rule under established Supreme Court precedent is that attorney ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default.[57] There is only one narrow exception on which Boddy-Johnson may rely: the Supreme Court's holding in *Martinez v. Ryan* that inadequate assistance of counsel at initial-

---

[51] Pet'r's Objs. to R&R, at 5–7 [Doc. No. 27].

[52] 28 U.S.C. § 636(b)(1)(C).

[53] *Ransome v. Terra*, No. 23-475, 2024 WL 2156217, at *6 (E.D. Pa. May 14, 2024) (quoting *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993)).

[54] *Coleman*, 501 U.S. at 750.

[55] Pet., at 6 [Doc. No. 1].

[56] *Davila v. Davis*, 582 U.S. 521, 524 (2017) (citing *Coleman*, 501 U.S. 722).

[57] *Coleman*, 501 U.S. at 753–54.

review collateral proceedings may establish "cause" for a prisoner's procedural default of a claim of ineffective assistance at trial.[58] Even under *Martinez*, however, Boddy-Johnson carries the burden of establishing (1) that his initial PCRA counsel was, in fact, ineffective under *Strickland* for failing to raise the argument in the operative petition, and (2) that his underlying ineffectiveness claim with respect to his *trial counsel's* performance is substantial.[59]

Boddy-Johnson fails at both steps for essentially the same reason: At any stage of the proceedings, Boddy-Johnson's counsel cannot have been ineffective for failing to raise a meritless claim.[60] The Pennsylvania Supreme Court's decision in *PLRB*, the sole decision upon which Boddy-Johnson relies, was a collective bargaining case which said nothing about the elements of aggravated assault under Pennsylvania law.[61] Boddy-Johnson cites no case suggesting that a security officer employed by the PHA does not qualify as a police officer for purposes of an aggravated assault conviction under § 2702. To the contrary, and as the R&R correctly observed, the City of Philadelphia has statutory authority "to appoint security officers who shall have the same rights, powers and duties as police officers in the Commonwealth . . . who shall be authorized to arrest persons for the commission of any offense . . . ."[62]

At trial, the jury heard evidence about PHA Officer Kelley's training and certification requirements, police uniform (including ballistics vest, holstered service firearm, handcuffs, and

---

[58] *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

[59] *Id.* at 15–16 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.").

[60] *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 379 (3d Cir. 2018) (citing *Ross v. Dist. Att'y of the Cnty. of Allegheny*, 672 F.3d 198, 211 n.9 (3d Cir. 2012); *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000)).

[61] 499 A.2d 294.

[62] R&R at 16–17 [Doc. No. 13] (quoting 35 Pa. Stat. Ann. § 1550(ff)).

pepper spray), and work responsibilities in conjunction with members of the Philadelphia Police Department.[63] Even if PHA officers are not police officers under § 2702(c)(1)—and there is no precedent supporting such a proposition—Boddy-Johnson cannot show prejudice because the evidence presented at trial was sufficient to establish a conviction under the alternative subsections of § 2702(c), which include a catch-all category for those employed to assist federal, state, or local law enforcement officials.[64] Pennsylvania courts have observed that the catch-all definition is sufficiently broad to cover, *e.g.*, school crossing guards.[65] Boddy-Johnson also fails to address § 2702(a)(1), which prohibits causing serious bodily injury to another "intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life," without reference to any enumerated list of officers, agents, or employees.[66]

Boddy-Johnson's argument here is novel, facially implausible, and would have made no difference in the outcome even if it had been raised at trial. Neither his trial counsel nor his appointed PCRA counsel can be faulted for declining to raise it. Accordingly, there is no basis for this Court to excuse the procedural default of this claim.

## IV. CONCLUSION

The objections to the R&R are overruled. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court holds that a certificate of appealability should not issue. There is no basis for concluding that "reasonable jurists could debate whether

---

[63] R&R at 17 [Doc. No. 13] (citing Trial Tr. June 5, 2009, at 28–33).

[64] 18 Pa. Cons. Stat. Ann. § 2702(c)(20).

[65] *Commonwealth v. McFadden*, 156 A.3d 299, 308 (Pa. Super. Ct. 2017).

[66] *See Commonwealth v. Cummings*, No. 2159 EDA 2012, 2014 WL 11022452, at *5 (Pa. Super. Ct. Jan. 7, 2014).

. . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[67]

---

[67] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).